## LUNING vs. BRADY.

*Twelfth Judicial District Court, October, 1857.*

### CERTIFICATE OF ACKNOWLEDGMENT.

Where the certificate of acknowledgment, by the husband and wife, attached to a mortgage, misnames the husband, but describes the wife by her true name, and states that she is known to the officer giving the certificate, to be the person who executed the mortgage, the defect of describing her as the wife of the misnamed husband, is not fatal to the validity of the certificate, as far as concerns the wife, and if the error, as far as affects the husband, be obviated by a new certificate, made on proof, by a subscribing witness, the proof of acknowledgment is sufficient.

The material facts are stated in the opinion. On demurrer.

*S. M. Bowman*, for plaintiff.

*McDougal & Sharp*, for defendant.

NORTON, J.—This action is instituted to foreclose a mortgage, executed by the defendant, and his wife ; but there is a slight difficulty, which presents itself on account of an error in the certificate of acknowledgment of this mortgage, arising from a misdescription of the husband. His true name is Thomas Brady, while the certificate of acknowledgement describes the parties as " Joseph Brady, and Josephine, his wife."

The error, so far as it affects Brady, the husband, has been obviated by a new certificate, made on proof, by a subscribing witness.

But it is urged, that the description, in the first certificate, is defective as to the wife, that is, it describes her as the wife of Joseph, whereas in the mortgage it appears that she is the wife of Thomas. I think, however, this is not a fatal circumstance, as she is otherwise sufficiently described by her own name, and as being known to the officer as the person described in the mortgage. It is also objected, that the husband and wife should acknowledge at the same time, that is, that there should be one certificate which is good as to both. I can see no sufficient ground for this objection. The statute requires the wife to make her acknowledgment separate from her husband. It is sufficient that he has assented to her execution of the mortgage, by himself being a party to it.

Demurrer overruled.